UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL RALPH REYES,

    Plaintiff,

vs.

ROBERT HOREL, Warden; N. GRANNIS; J. BURLESON; M. D. CASTELLAW; D. T. HAWKES; K. McGUYER; W. ANTHONY; J. BEESON; D. BARNEBURG; and JOHN DOES 1-5,

    Defendants.

No. C 07-3931 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. See 28 U.S.C. § 1391(b).

## DISCUSSION

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*:: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

**B.   Legal Claims**

Plaintiff is an artist who donates his art works to outside nonprofit groups, most of whom work for prison reform. He asserts that he has been retaliated against for exercising his First Amendment right to write to these organizations and thereby advocate prison reform.

Plaintiff contends in claim one that he tried to send an invitation to a Mexican-American group at Humboldt State University to attend an art display in Eureka at which some of plaintiff's work would be shown. The mail was blocked by the prison mail room and his grievances were rejected. He does not say who he intends to be defendants on this claim, nor does he provide any specific factual allegations as who did what – for instance, which of the defendant's rejected the mail. He thus has failed to state a claim against any defendant in claim one. It will be dismissed with leave to amend.

Plaintiff contends in claim two that defendants Hawkes and McGuyer prohibited him from corresponding with the coordinator of the "Art Behind Bars" program. This is sufficient to state a claim against them. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989) (censorship of outgoing mail justified only if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved). Plaintiff's claim that defendant Beeson rejected his grievance about the correspondence restriction is not, however, sufficient to state a claim. *See Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) (there is a First Amendment right to petition government for redress of grievances, but there is no right to a response or any particular action). It will be dismissed with leave to amend.

In his third claim, plaintiff contends that a letter he sent to his cousin and her family inviting them to attend an "Art Behind Bars" show in which his work would be displayed was blocked by defendant Barneburg. This is sufficient to state a claim.

Plaintiff contends in his fourth claim that Barneburg prevented him from sending another outgoing letter containing ostensibly innocent comments  This is sufficient to state a claim.

The court has concluded above that plaintiff's complaint states a claim against Hawkes, McGuyer and Barneburg. His claims against the other defendants, as well as all of claim one, will be dismissed with leave to amend. In amending, plaintiff should bear in mind that knowing about a constitutional violation, for instance because of reading a grievance, and not doing anything to remedy it, is not a *cause* of the violation, and thus is not sufficient for liability. *See Wood v. Housewright*, 900 F.2d 1332, 1342 (9th Cir.1990) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). He must state facts in the amendment about each defendant's

3

actions that are sufficient to present a plausible claim that each violated his rights.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  This includes the John Doe defendants.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those that the court has about found to be cognizable.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  May 11, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\REYES3931.DWLTA.wpd

4