UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL RALPH REYES,

     Plaintiff,

vs.

ROBERT HOREL, Warden; N. GRANNIS; J. BURLESON; M. D. CASTELLAW; D. T. HAWKES; K. McGUYER; W. ANTHONY; J. BEESON; D. BARNEBURG; and JOHN DOES 1-5,

     Defendants.

No. C 07-3931 PJH (PR)

**ORDER OF SERVICE**

    This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended and has moved for appointment of counsel.

**DISCUSSION**

**A.  Review of Amended Complaint**

    Upon review of the amended complaint, the court concludes that plaintiff has stated a claim against the named defendants. They will be served.

**B.  Motion for Counsel**

    Plaintiff has moved for appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

In deciding whether to ask counsel to represent an indigent litigant, the court evaluate (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel will be denied.

## CONCLUSION

1. Plaintiff's motion for an extension of time to amend (document number 7 on the docket) is **GRANTED**. The amendment is deemed timely. His motion for assignment of counsel (document number 9) is **DENIED**.

2. The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this order, upon the following defendants: Robert Horel, Warden, Pelican Bay State Prison ["PBSP"]; N. Grannis, Chief of Inmate Appeals, CDCR, Sacramento; J. Burleson, Appeals Examiner, PBSP; M. D. Castellaw, former warden, PBSP; D. T. Hawkes, Correctional Counselor II, PBSP; K. McGuyer, Correctional Captain, Investigative Services Unit, PBSP; W. Anthony, Captain, PBSP; J. Beeson, Special Services Unit, CDCR, Sacramento; D. Barneburg, Sergeant, Institutional Gang Investigator, PBSP; R. FLOTO, Appeals Examiner, Inmate Appeals Branch, CDCR, Sacramento.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. Defendants shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      c. If Defendants wish to file a reply brief, they shall do so no later than fifteen days after service of the opposition.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 2, 2010.

                    PHYLLIS J. HAMILTON
                    United States District Judge

P:\PRO-SE\PJH\CR.07\REYES3931.SERVE.wpd