UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GABRIEL RALPH REYES,

        Plaintiff,

  vs.

ROBERT HOREL, Warden; N. GRANNIS; J. BURLESON; M. D. CASTELLAW; D. T. HAWKES; K. McGUYER; W. ANTHONY; J. BEESON; D. BARNEBURG; and JOHN DOES 1-5,

        Defendants.
                                    /

No. C 07-3931 PJH (PR)

**ORDER APPOINTING COUNSEL AND RULING ON PENDING MOTIONS**

This is a civil rights case filed pro se by a state prisoner. Defendants have moved for summary judgment and plaintiff has filed a number of motions.

**DISCUSSION**

**A.   Plaintiff's Motion for Service**

One of plaintiff's claims is against J. Burleson (spelled with an "e"), an appeals examiner. His amended complaint was served on Janette Burlison (spelled with an "i"), a former correctional sergeant. She has appeared by counsel. Plaintiff moves to dismiss her and for service upon the intended defendant. Defendants do not oppose the request. Plaintiff's motion (document 45) will be granted.

**B.   Plaintiff's Motion for Counsel**

Plaintiff has moved for appointment of counsel (document 44). He names two attorneys who he says "have indicated they would be wiling to represent plaintiff if the court asks them to," Ivor Samson of SNR Denton and Charles Carbone.

///

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), but district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here. *See* 28 U.S.C. § 1915(e)(1).

Because plaintiff's chances of success on the merits are fair, and because the issues are complex First Amendment issues, the motion for appointment of counsel will be granted, with the federal pro bono project asked to contact the two attorneys who plaintiff says are willing to take his case.

**C.     Motions Regarding Documents Filed under Seal**

Defendants have moved to file documents under seal (document number 40). The documents defendants propose to seal are a birthday card and accompanying letter that the prison refused to mail out and a declaration from William Barnts, the litigation coordinator at Pelican Bay. Plaintiff's claim four is that the prison's refusal to mail his card and letter violated his First Amendment rights.

Plaintiff has in response filed a document combining his opposition to the motion to seal with a motion for an order requiring defendants to serve the documents on him or, alternatively, striking the materials filed under seal (document 42 on the docket). He also has filed a separate motion for an order requiring defendants to respond to his document request for the sealed document, asking for a hearing on the motion to file under seal, and proposing a protective order that would limit the people to whom the documents could be disclosed (document 43).

In view of the appointment of counsel, these motions will be denied with leave to renew them after appearance of counsel. The materials that defendants propose to file under seal have been lodged with the court pursuant to Local Rule 79(b) and shall remain confidential pending the appointment.

**D.     Other Motions**

Plaintiff also has moved for a stay of proceedings or an extension of time to oppose the motion for summary judgment, pending resolution of the sealed document issue and

appointment of counsel. The proceedings will be stayed until counsel appears. The motion for summary judgment (document 34) will be denied pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, to allow counsel to obtain materials to oppose it. The motion may be renewed by reference to document 34, if defendants wish to do so. The other pending motions will be denied as moot.

**DISCUSSION**

1. Plaintiff's motion for appointment of counsel (document 44) is **GRANTED**. This matter is referred to the Federal Pro Bono Project to find counsel.

    (a) The clerk shall forward to the Federal Pro Bono Project: (i) a copy of this order, (ii) a copy of the docket sheet, and (iii) a copy of the operative complaint and relevant court orders.

    (b) Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in this matter until further order of the court. The pro bono project may wish to contact the attorneys who plaintiff says are willing to take the case, Ivor Samson and Charles Carbone.

    (c) Plaintiff's motion for a stay (document 41) is **GRANTED**. All proceedings in this action are stayed until four weeks from the date an attorney is appointed to represent plaintiff.

2. Plaintiff's motion to voluntarily dismiss Janette Burlison and serve appeals examiner Burleson (document 45) is **GRANTED**. The claims against Burlison are **DISMISSED** with prejudice. The clerk shall issue summons to Burleson and the marshal shall serve her at the CDCR in Sacramento.

3. The motion for summary judgment (document 34) is **DENIED** without prejudice to renewing it after appearance of counsel for plaintiff. The motion may be renewed by reference to document 34, if defendants wish to do so.

4. The motions related to the documents filed under seal (documents 40, 42, & 43) are **DENIED**. The clerk shall retain the lodged documents unfiled and sealed pending appointment of counsel and possible renewal of the motion to seal.

3

5.  Plaintiff's motion for an extension of time to oppose the summary judgment motion (document 41) and Defendants Beeson and Hawkes' motion to join in the motion for summary judgment (document 24) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  September 21, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\REYES3931.pending motions.wpd

4